IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 02, 2014 Session

## GARRETT RITTENBERRY, ET AL. V. KEVIN PENNELL, ET AL.

**Appeal from the Chancery Court for Sumner County**
**No. 2011CV438      Tom E. Gray, Judge**

_____

**No. M2013-02106-COA-R3-CV – Filed March 26, 2015**

_____

This appeal concerns a contentious boundary dispute involving multiple parties. Plaintiffs Garrett and Alma Rittenberry ("the Rittenberrys") initially filed suit seeking to have an easement set aside for their benefit through the property of Kevin and Lana Pennell ("the Pennells") pursuant to Tennessee Code Annotated § 54-14-101 et seq. Later, the Rittenberrys filed an amended complaint that alternatively sought relief by way of an easement across the property of Appellants Chris Burke and Lesa Hall ("Burke/Hall"). The Pennells moved for summary judgment arguing that the Rittenberrys did not need to resort to the statutory remedy of an easement by necessity. Upon finding that the Rittenberrys' property was not, in fact, landlocked, but that it abutted a public road, the trial court granted the Pennells' motion and dismissed the Rittenberrys' cause of action. We affirm the trial court's judgment

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

ARNOLD B. GOLDIN, J. delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S. and KENNY ARMSTRONG, J., joined.

Shawn R. Henry, Nashville, Tennessee, for the appellants, Chris Burke and Lesa Hall.

Phillip C. Kelly and Gwynn K. Smith, Gallatin, Tennessee, for the appellees, Kevin Pennell and Lana Pennell.

# OPINION

## I. Background and Procedural History

The boundary dispute issues that led to this appeal have been ongoing for quite some time now. At issue is the location of the Rittenberry property vis-à-vis the Rittenberrys' neighbors and Ridge Hill Road. The Rittenberry property is located in Sumner County, Tennessee, and is bounded to the east and south by the Pennell property. The Burke/Hall property is located to the west of the Rittenberry property. Ridge Hill Road is generally located south of the Rittenberry property and runs primarily east to west.

Previously, a dispute arose between the Rittenberrys and the Pennells regarding the Rittenberrys' use of a driveway that the Rittenberrys constructed to connect their house to Ridge Hill Road. In July 2008, after the Pennells objected to and interfered with the Rittenberrys' use of this driveway, the Rittenberrys initiated a declaratory judgment action seeking an order that would declare them lawful owners of the disputed strip of property along Ridge Hill Road. *Rittenberry v. Pennell*, No. M2010-01244-COA-R3-CV, 2011 WL 1661770, at *1 (Tenn. Ct. App. Apr. 29, 2011) ("*Rittenberry I*"). The Rittenberrys' complaint alleged that the portion of Ridge Hill Road adjacent to their property had been designated a public road in 1992. The Pennells, on the other hand, asserted that Sumner County did not recognize the disputed portion of the road as a public road. *Id.* at *1-2. The Pennells further asserted that they paid taxes on that property, and they counterclaimed for a declaration that the Rittenberrys had no right to use the driveway. *Id.* at *2. After a trial on the matter, the trial court entered a final order in favor of the Rittenberrys. *Id.* at *7. The Pennells appealed and argued that the trial court erred in finding the portion of Ridge Hill Road facing the Rittenberry property to be a public county road. *Id.* On appeal, we determined that the trial court had not erred in crediting the opinion of a professional surveyor who testified for the Rittenberrys. *Id.* at *9. Nonetheless, we determined that the evidence preponderated against the trial court's finding that the disputed portion of the property was made a county road. *Id.* After stating the roadway in front of the Rittenberry property was a private drive, Judge Bennett commented as follows:

> We recognize that the designation of the disputed roadway as a private drive creates a situation in which the lower tract of the Rittenberry property is essentially landlocked. The Rittenberrys are, however, entitled to an easement across the Pennell property to access the public roadway. Should the parties be unable to reach an agreement on the matter, the Rittenberrys may institute proceedings pursuant to Tenn. Code Ann. § 54-14-101 *et seq.* to have a court declare an easement.

*Id.* Unfortunately, no agreement was reached concerning the Rittenberrys' desired rights of access, and the present litigation subsequently ensued.

On September 29, 2011, the Rittenberrys brought suit against the Pennells[1] by filing a complaint seeking an easement across the Pennells' property pursuant to Tennessee Code Annotated § 54-14-101 *et seq.* The Rittenberrys alleged that their property was landlocked and that they had no access to a public road. They claimed that an easement across the Pennells' property would allow them access from their property to Ridge Hill Road. The Pennells answered the Rittenberrys' complaint by admitting that the Rittenberrys were landlocked and had no access to a public road, but the Pennells also noted that the Rittenberrys' property was bounded on the west by property owned by Burke/Hall. The Pennells contended that Burke/Hall should be added as defendants and alleged that access through the Burke/Hall property was a more convenient way to get to the Rittenberrys' property than going through the Pennells' property. The Rittenberrys subsequently filed an amended complaint adding Burke/Hall as defendants and seeking alternative relief by way of an easement across the Burke/Hall property.

Although the Pennells again admitted that the Rittenberrys' property was landlocked in response to the Rittenberrys' amended complaint, the Pennells later amended their answer to suggest that the Rittenberrys were not landlocked, but rather, that they had access to a public road. When Burke/Hall answered the Rittenberrys' amended complaint, they admitted that the Rittenberrys' property was landlocked but stated that it would be more convenient and logical for the Rittenberrys to gain access across the Pennells' property.

On October 24, 2012, the Pennells filed a motion for summary judgment. Their motion was supported by a memorandum of law and a statement of undisputed facts. By asserting that the Rittenberrys had direct access to the Rittenberry property off Ridge Hill Road's fifty-foot right-of-way, the Pennells claimed that the Rittenberrys did not need to resort to condemnation proceedings under Tennessee Code Annotated § 54-14-101 *et seq.* Although Mr. Rittenberry filed a response to the Pennells' motion for summary judgment stating that he agreed with the Pennells' statement of undisputed facts for purposes of ruling on the motion for summary judgment, Burke/Hall filed a response in opposition to the motion.[2] In support of their opposition to the Pennells' motion for summary

---

[1] The Rittenberrys' original complaint also named Mr. William A. Houston as a defendant, alleging that he was "an interested party . . . by virtue of his ownership of lands which will be affected by these proceedings."

[2] We note that the record contains no document filed by Ms. Rittenberry or Mr. Houston in response to the Pennells' motion for summary judgment and proposed statement of undisputed facts. As such, the Pennells' statement of facts may be considered admitted as to Ms. Rittenberry and Mr. Houston. *Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 539 (Tenn. Ct. App. 2012). We further note that,

3

judgment, Burke/Hall also filed a memorandum of law and a specific response to the Pennells' statement of undisputed facts. Despite admitting that the Rittenberrys' property abutted the end of Ridge Hill Road, Burke/Hall contended that the Rittenberrys had no individual, personal rights to access the public road's[3] right-of-way.

The trial court held a hearing on the motion for summary judgment on January 11, 2013. Shortly thereafter, on January 25, 2013, the trial court entered an order granting the Pennells' motion. The trial court determined that the Rittenberrys were not landlocked, but rather, that Ridge Hill Road abutted their boundary line. Specifically, the trial court found that "the distance between the center point of Ridge Hill Road to the common boundary between the [Rittenberrys] and [Pennells] is 15 feet, which leave[s] 10 feet of right-of-way that the [Rittenberrys] can directly access their property off the westerly margin" of the fifty-foot right-of-way. It also rejected Burke/Hall's argument that Ridge Hill Road's right-of-way did not give the Rittenberrys personal rights of access. As a result, the trial court dismissed the Rittenberrys' action.

On February 25, 2013, Burke/Hall filed a motion to alter or amend and/or revise the January 25, 2013, order granting summary judgment pursuant to Tennessee Rules of Civil Procedure 59.04 and 54.02. In addition to asserting that summary judgment was not appropriate because numerous material facts were contested, Burke/Hall asserted that they did not become aware of a legal claim of a ten-foot right-of-way to be used as a driveway across the Burke/Hall land until oral argument on the motion for summary judgment. Moreover, Burke/Hall alleged that as a result of a survey conducted on February 23, 2013, they learned new factual material that served as a basis to alter, amend, or revise the summary judgment order. On March 1, 2013, the Pennells filed a response in opposition to Burke/Hall's motion to alter or amend. Therein, the Pennells explained that they had never claimed on summary judgment that the Rittenberrys could access the Rittenberry property by using the Burke/Hall land; rather, they asserted that their statement of undisputed facts showed that the Rittenberry property could be accessed off the westerly margin of Ridge Hill Road's fifty-foot right-of-way. On March 18, 2013, the trial court held a hearing on Burke/Hall's motion to alter or amend. On

_____

according to the trial court's January 25, 2013, order, counsel for Mr. Houston and Mr. Rittenberry represented that their clients did not oppose the motion for summary judgment. The same order indicates that Ms. Rittenberry was not present at the hearing on the motion for summary judgment.

[3] Whereas the Pennells' statement of undisputed facts suggested that Ridge Hill Road was a county road, Burke/Hall disputed this fact by noting that the road had been "annexed by the city of Millersville in 1995." Thus, although Burke/Hall disputed the governing body in control of the road, Burke/Hall did not dispute the fact that Ridge Hill Road was a *public* road.

August 14, 2013, the trial court entered an order denying the motion. Burke/Hall now appeals.[4]

## II. Issues Presented

On appeal, Burke/Hall raises several issues for review, which we have slightly re-worded as follows:

1. Whether the trial court erred in granting summary judgment to the Pennells.

2. Whether the trial court erred in denying their motion to alter or amend the order of summary judgment

3. Whether the trial court erred by disregarding the mandate of the Tennessee Court of Appeals in *Rittenberry I*.

4. Whether exceptions to the "law of the case" doctrine are present such that a reconsideration of earlier-decided issues in *Rittenberry I* is appropriate.

In essence, we are asked to determine whether the trial court's entry of summary judgment and the subsequent denial of Burke/Hall's motion to alter or amend were appropriate based on the record and in light of this Court's prior decision in *Rittenberry I*.

## III. Standard of Review

In reviewing any findings of fact by the trial court, our review is *de novo* "upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). We review a trial court's conclusions on questions of law *de novo*, but no presumption of correctness attaches to the trial court's legal conclusions. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

## IV. Discussion

We first turn to the question of whether the trial court's entry of summary judgment was proper. We review an award of summary judgment *de novo*, with no

---

[4] The appeal in this case initially came to be considered on December 2, 2014, with oral argument being held in Nashville, Tennessee on that date. Upon our review of the record after oral argument, we questioned the parties *sua sponte* whether a final judgment existed in this case. Instead of dismissing the appeal, we gave Appellants time to file the necessary orders from the trial court indicating that the case was final. A supplemental record responsive to our instructions was filed in this Court on February 25, 2015.

presumption of correctness for the determination of the trial court. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). Summary judgment may be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. "The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin*, 271 S.W.3d at 83 (citation omitted). Because this action was filed after July 1, 2011, the trial court was required to apply the summary judgment standard set forth in Tennessee Code Annotated § 20-16-101. *Walker v. Bradley County Gov't*, 447 S.W.3d 877, 880 (Tenn. Ct. App. 2014). Under that statute:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (Supp. 2014).

When the Rittenberrys instituted the present litigation, they asserted they were landlocked and requested that the trial court award them an easement pursuant to the authority in Tennessee Code Annotated § 54-14-101 *et seq*. The Pennells' motion for summary judgment countered the very basis for this requested relief and asserted that the Rittenberrys did not have to resort to condemnation of adjoining property under the statute. By suggesting that the undisputed facts showed that the Rittenberrys could have direct access to their land off Ridge Hill Road's fifty-foot right-of-way, the Pennells argued that the Rittenberrys "could easily make another driveway wholly on their own land." In support of this position, the Pennells' statement of undisputed facts asserted that "[t]he western boundary of the [Rittenberrys'] property abuts the end of Ridge Hill Road which is a county road." Although Burke/Hall opposed the Pennells' request for the entry of summary judgment, their response to the Pennells' statement of undisputed facts failed to create an issue with respect to any material fact. Specifically, they admitted that it was "undisputed . . . that the western boundary of the [Rittenberrys']

6

property abuts the end of Ridge Hill Road."[5]  Because the Rittenberrys had filed suit alleging that they were entitled to condemnation of adjoining property due to their landlocked status, Burke/Hall's admission that the Rittenberrys' property abutted Ridge Hill Road confirmed that an essential element of the Rittenberrys' claim for an easement was negated.  At the time summary judgment was entered, no party disputed the fact that the Rittenberry property abutted Ridge Hill Road, and no party disputed that the point where the Rittenberry property abutted the road was a public road.  As abutting landowners, the Rittenberrys were entitled to private access.  *Current v. Stevenson*, 116 S.W.2d 1026, 1028 (Tenn. 1938).  Given the Rittenberrys' right to access the road from their property, their originally cited need for condemnation of property was nullified.  We accordingly find that the trial court did not err in granting the Pennells' motion for summary judgment and dismissing the Rittenberrys' action.

We next turn to Burke/Hall's assertion that the trial court erred in denying their motion to alter or amend.  "The purpose of a Rule 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final."  *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005) (citation omitted).  "The motion should be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice."  *Id.* (citation omitted).  The motion, however, "should not be used to raise or present new, previously untried or unasserted theories or legal arguments."  *Id.* (citation omitted).  On appeal, we review a trial court's adjudication of a motion to alter or amend under an abuse of discretion standard.  *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003).

Having reviewed the record, we conclude that the trial court did not abuse its discretion in denying Burke/Hall's motion to alter or amend.  The undisputed facts at summary judgment indicated that the Rittenberrys' property abutted a public road, and the trial court did not err in finding that this negated the Rittenberrys' claim to condemn adjoining property.  Moreover, although Burke/Hall seemed to suggest in their motion that the trial court authorized the Rittenberrys to build a driveway across the Burke/Hall property, the trial court did not sanction such action, nor did the Pennells ever request on

---

[5] As previously indicated, although Burke/Hall disputed the Pennells' assertion that Ridge Hill Road was a county road by noting that the road had been "annexed by the city of Millersville in 1995[,]" they did not dispute the fact that Ridge Hill Road was a *public* road.  Further, although Burke/Hall disputed the Pennells' statement of fact that the "[Rittenberrys] can directly access their property off of the westerly margin of [Ridge Hill Road's] fifty-foot right-of-way[,]" they disputed this fact on legal grounds by arguing that the "right-of-way is not an individual's personal right for an easement[.]"  In support of their position, Burke/Hall relied on a prior opinion issued by this Court, *Humphries v. Minbiole*, No. M2011-00008-COA-R3-CV, 2012 WL 5466085 (Tenn. Ct. App. Nov. 8, 2012).  *Minbiole* dealt with a defendant's installation of a water line within a county's right-of-way easement; it did not deal with or otherwise change the law governing the rights of an abutting landowner to access a public road.  Therefore, the trial court did not err in rejecting Burke/Hall's reliance on *Minbiole*.

summary judgment that such relief be awarded to the Rittenberrys[6].  When the trial court granted summary judgment, it simply held that the Rittenberrys could access their property off the westerly margin of Ridge Hill Road's right-of-way.  This holding was predicated on the parties' responses to the Pennells' statement of undisputed facts.  Although Burke/Hall's motion also suggested that the Rittenberrys could gain access to a public portion of Ridge Hill Road that extended past the Burke/Hall property and further maintained that Ridge Hill Road could not be assumed to have a fifty-foot right-of-way, the trial court did not err in denying the motion to alter or amend.  We note that Burke/Hall's argument was primarily predicated on the findings of a land survey that surveyor Steven Delle ("Mr. Delle") conducted on February 23, 2013[7].  According to Mr. Delle's affidavit that was submitted in support of the motion to alter or amend, he had been retained by Burke/Hall "for the purpose of validating specifications regarding the road and right-of-way of Ridge Hill Road[.]"  The record is devoid of a sufficient justification for why Mr. Delle's proposed proof was not timely submitted in advance of the summary judgment hearing.  As such, it cannot be relied on to defeat the Pennells' request for summary judgment.

The trial court did not err in adjudicating this boundary dispute.  At the time of the summary judgment hearing, it was undisputed that the western boundary of the Rittenberrys' property abutted a public portion of Ridge Hill Road.  The Rittenberrys' action, which was predicated on the allegation that their property was landlocked, could not be sustained in light of this fact.  As abutting landowners, they had a right of access to the public road.  Although on appeal Burke/Hall have questioned the propriety of the trial court's action in light of *Rittenberry I* and the "law of the case" doctrine[8], we find that the "law of the case" doctrine has no application to this case. "The phrase 'law of the case' refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case." *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (citation omitted).  "An appellate court's final decision in a case establishes the 'law of the case' when a case is remanded for further proceedings." *Gray's Disposal Co. v. Metro. Gov't of Nashville*, 318 S.W.3d 342, 348 (Tenn. 2010).  "This 'law of the case' is binding on

---

[6] Indeed, the Pennells stated in their response to Burke/Hall's motion to alter or amend that they "have never claimed that the Rittenberrys could access their property off of Ridge Hill Road by using the Burke/Hall land."

[7] As is evident from the chronology of events in this case, Mr. Delle's February 23, 2013, survey was conducted approximately a month after the trial court granted summary judgment.

[8] For instance, Burke/Hall contend that the trial court erred by disregarding the mandate of *Rittenberry I*, which they suggest established the Rittenberrys' property as landlocked.  Based on  the decision in *Rittenberry I*, Burke/Hall argue that access to the property could only be obtained by agreement or by the procedure outlined in Tennessee Code Annotated § 54-14-101.  Although the "law of the case" doctrine is not relevant to this case, we note that the decision in *Rittenberry I* referred to the Rittenberrys' property as "*essentially* landlocked." *Rittenberry I*, 2011 WL 1661770, at *9 (emphasis added).

the trial court during the remanded proceedings and is also binding on the appellate courts should a second appeal be taken after the trial court enters a judgment in response to the remand order." *Id.* (citation omitted). Although the doctrine applies to issues that were actually before the appellate court in the first appeal and to those issues decided by implication, it does not apply to dicta. *Memphis Publ'g Co.*, 975 S.W.2d at 306 (citations omitted). "The 'law of the case' doctrine is neither a constitutional mandate nor an inflexible limit on the adjudicatory power of the courts." *Gray's Disposal Co.*, 318 S.W.3d at 348. It is, however, "a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited." *Memphis Publ'g Co.*, 975 S.W.2d at 306 (citation omitted). The doctrine does not necessarily apply when: (1) the evidence offered after remand differs substantially from the evidence in the initial proceeding, (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand, or (3) when the prior decision is contrary to a change in the controlling law that occurred between the first and second appeal. *Id.* (citations omitted).

*Rittenberry I* was a boundary dispute between the Rittenberrys and the Pennells. The Rittenberrys sought a declaration that they were lawful owners of a disputed strip of real property along Ridge Hill Road, and although the trial court granted them relief, this Court determined on appeal that the disputed portion of the road was private property owned by the Pennells. *Rittenberry I*, 2011 WL 1661770, at *9. In his opinion, Judge Bennett suggested potential remedies the Rittenberrys might pursue in order to obtain access to their property, but he did not remand the case for any further proceedings. As such, despite the fact that Burke/Hall characterize the trial court proceedings that involved them as occurring on remand, it is clear that this was not the case. The present appeal resulted from the filing of a new case, and this new case involved the consideration of new facts, the litigation of new legal claims, and the participation of additional parties. It was within the posture of this new case that the undisputed facts established that the Rittenberrys were not landlocked, but that the western margin of their land abutted a public road. As such, we find that the "law of the case" doctrine was no impediment to the trial court's actions in granting the Pennells' motion for summary judgment and denying Burke/Hall's motion to alter or amend.

## V. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. This case is remanded for further proceedings as are necessary and consistent with this Opinion. Costs on appeal are assessed against the Appellants, Chris Burke and Lesa Hall and their surety, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE

9